*Henry S. Davis, Trustee, v. Henry L. Coe et al.

1. Insolvency Court should Surrender to Bankruptcy Court.
   A bankrupt's estate in possession of an assignee or receiver appointed by a state court, after the appointment of a trustee in bankruptcy, should be delivered, on demand, to such trustee.

2. Notwithstanding Differences between Laws as to Preferences.
   This rule is not changed or modified by a difference between the preference secured to laborers by the state law and that secured by the bankruptcy act, nor by the fact of allowing and ordering payment of such claims, after the filing of the petition in bankruptcy and before the adjudication.

---

* For authority of United States circuit court of appeals on questions involved n this case, see Leidigh Carriage Co. v. Stengel, 1 Bankruptcy Cases, 15. See, also, Hecks v. Knost, Tr., 1 Bankruptcy Cases, 1, as to litigation of controversies relating to claims against the bankrupt.

Davis v. Coe.

**3. BANKRUPTCY COURT HAS EXCLUSIVE JURISDICTION.**
The adjudication of the validity of such claims must be made in the bankruptcy court, which alone has jurisdiction to distribute the bankrupt's estate and ample power to protect all liens.

ERROR to the Court of Common Pleas of Cuyahoga county.

HALE, J.

We hold that a bankrupt's estate in the possession of an assignee, or a receiver appointed by a state court, after the adjudication and appointment of an assignee in bankruptcy, should be delivered on demand to such assignee in bankruptcy.

Second: This is not modified or changed by the fact that the preference secured to laborers by the statute of the state, differs from the provisions of the bankrupt act on the same subject, nor by the fact that such claims have been allowed and ordered paid after the filing of the petition in bankruptcy and before the adjudication.

Third: The adjudication upon the validity of such claims must be made in the bankruptcy court, which alone has jurisdiction to distribute the bankrupt's estate to the creditors of the bankrupt, and ample power to protect all valid liens.

The final judgment of the court entered on June 22, 1899, is, therefore, reversed and the cause remanded to that court for the proper order in accordance with this finding.

*Laubscher & Kees,* for plaintiff in error.
*Dickey, Brewer & McGowan,* for defendants in error.